Tom Steenson       OSB #74313
E-mail: *gillian@sstlr.com*
Michael Schumann   OSB #74288
E-mail: *mike@sstlr.com*
Zan Tewksbury      OSB #91165
E-mail: *zan@sstlr.com*
STEENSON, SCHUMANN,
TEWKSBURY, CREIGHTON
& ROSE, P.C.
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:   (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

06 - 98 MO

| | |
|---|---|
| LARRY L. LUETHE, | Civil No. |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES (FAIR LABOR STANDARDS ACT AND PENDENT STATE LAW CLAIM) |
| NORTHWEST NATURAL, | |
| Defendant. | DEMAND FOR JURY TRIAL |

I

## INTRODUCTION

Pursuant to 29 USC § 207 ("FLSA"), ORS 653.261, and ORS 653.055, plaintiff alleges he was unlawfully classified by defendant as an independent contractor, and thus deprived of his statutory right to receive overtime pay. Plaintiff seeks his unpaid overtime, liquidated damages, penalties, all available equitable relief, attorney fees, and litigation expenses/costs, including

PAGE 1 – COMPLAINT FOR DAMAGES

Z:\Tom\Cases-Open\NWNG Hoes\Luethe, Larry\complaint.wpd

STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

expert witness fees and expenses.

## II

## JURISDICTION

2.   This court has jurisdiction over plaintiff's claims by virtue of 28 USC §§ 1331, 1332, 1343, and 1367.

## III

## PARTIES

3.   Plaintiff is a back hoe operator who formerly performed services on a regular basis for defendant.

4.   At all times material herein, Defendant Northwest Natural ("NWN") has been an Oregon corporation engaged in the business of supplying natural gas to residential, commercial, and industrial customers in Oregon and southwest Washington.

## IV

## FACTS

5.   Plaintiff regularly performed back hoe operator services in excess of 40 hours per week for NWNG for at least thirty-five years, from on or about 05/67 until on or about 12/05. At all times when plaintiff performed back hoe operator services for NWN, NWN classified him as an independent contractor, and not an employee.

6.   At all times material, NWN had programs, accords, agreements, and plans in place which conferred extensive employment-related compensation, rights, and benefits upon its employees, including but not limited to: employment security; guaranteed wage rates and increases; paid vacation and disability leave; and health insurance coverage. In addition, all

PAGE 2 – COMPLAINT FOR DAMAGES

Z:\Tom\Cases-Open\NWNG Hoes\Luethe, Larry\complaint.wpd

STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE,    PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel:  (503) 221-1792

regular employees with at least five accredited years of service were fully vested in NWN's Retirement Plan ("the Retirement Plan").[1] Finally, NWN paid the employer's share of FICA taxes. As a result of NWN erroneously classifying him as an independent contractor, plaintiff received none of the foregoing compensation, rights, or benefits conferred upon employees of NWN.

7. At all material times, plaintiff was in fact and by law an employee of NWN and not an independent contractor, because, among other things:

A. NWN at all times directed and controlled all aspects of the work performed by plaintiff, including but not limited to the following: directing the hours and location of the work to be performed; telling plaintiff when to start and when to stop working; directing the type of work to be performed by plaintiff; setting uniform, non-negotiable rates of pay for plaintiff; requiring adherence to employment policies and procedures of NWN; requiring attendance at staff meetings; and retaining the right to terminate.

B. Plaintiff performed services for NWN solely or nearly solely during all times material, and thus was economically dependent upon NWN's continued employment.

C. The services provided by plaintiff were an essential and ongoing part of NWN's operation.

8. Since at least 1986, plaintiff and/or those performing precisely the same work as plaintiff under the same terms and conditions, have been judicially and administratively determined to be employees of NWN and not independent contractors. Despite knowing since

---

[1] The Plan defines an accredited year of service as one in which an employee works at least 1,000 hours.

PAGE 3 – COMPLAINT FOR DAMAGES

Z:\Tom\Cases-Open\NWNG Hoes\Luethe, Larry\complaint.wpd

STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

1986 it had misclassified plaintiff as an independent contractor, NWN deliberately continued to misclassify plaintiff in order to avoid paying him overtime as required by law, and/or to deny him benefits granted to its regular employees.

V

FIRST CLAIM FOR RELIEF

(Fair Labor Standards Act /Failure to Pay Overtime)

9.  Plaintiff realleges the above.

10. In violation of the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 USC § 207, NWN failed to pay plaintiff overtime wages for weeks worked in excess of 40 hours. As a result, plaintiff is entitled to an award of his unpaid overtime wages with prejudgment interest in amounts to be determined.

11. Pursuant to 29 USC § 216(b), plaintiff should be awarded liquidated damages equivalent to the amount of his unpaid overtime wages.

12. Pursuant to 29 USC § 216(b), plaintiff is entitled an award of his reasonable attorney fees and litigation expenses/costs incurred herein.

VI

SECOND CLAIM FOR RELIEF

(ORS 653.260 and ORS 653.055/Failure to Pay Overtime)

13. Plaintiff realleges the above.

14. Pursuant to ORS 653.261 and ORS 653.055, plaintiff is entitled an award of his unpaid overtime, in amounts to be determined at trial, with prejudgement interest accrued from the time each overtime payment should have been paid.

PAGE 4 – COMPLAINT FOR DAMAGES

Z:\Tom\Cases-Open\NWNG Hoes\Luethe, Larry\complaint.wpd

STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792

15. Pursuant to ORS 653.055 and ORS 652.150, plaintiff should be awarded a civil penalty in the maximum amounts mandated by ORS 652.150.

16. Pursuant to ORS 652.200(2) plaintiffs should be awarded their attorney fees and litigation expenses/costs incurred herein.

WHEREFORE, plaintiff prays for the following relief:

1. For the court to exercise pendent jurisdiction over the state law claim herein;

2. For an award of unpaid overtime, liquidated damages, penalties, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

3. All other relief to which plaintiff is entitled or which the court deems just.

Dated this January 20, 2006.

PLAINTIFF DEMANDS A JURY TRIAL.

TOM STEENSON, OSB #74313
MICHAEL SCHUMANN, OSB #74288
ZAN TEWKSBURY, OSB #91165
Telephone: (503) 221-1792
Of Attorneys for Plaintiffs

PAGE 5 – COMPLAINT FOR DAMAGES

Z:\Tom\Cases-Open\NWNG Hoes\Luethe, Larry\complaint.wpd

STEENSON
SCHUMANN
TEWKSBURY
CREIGTHON
and ROSE, PC
815 S.W. 2nd Ave. #500
Portland, Or. 97204
Tel: (503) 221-1792